Beockenbbough, J.
The first objection made to this judgment is, that the plaintiff Webb had not entitled himself to a scire facias against the bail. But I think *376 the very authorities referred to by the appellants’ coun- • • sel clearly shew that he was entitled. “A scire facias is the usual and proper remedy against the bail, where judgment has been obtained against the principal, and no satisfaction made by him. This is founded on a record, to wit, the act of the court in admitting the party to bail, and the judgment against him. But it must appear that the party himself hath not satisfied the judgment; and hence it hath become a settled rule, that there must be a capias returned against the principal before the scire facias is to issue against the bail.” 6 Gwyl. Bac. Abr. Scire Facias. C. 7. p. 117. The note to that authority, for which it quotes Cro. Jac. 97. says, it is “ not necessary to recite it (the capias) in the scire facias.” And the editor of the book in another note, says, “ the course is to get the sheriff to return non est inventus on the ca. sa.” With this Tidd agrees, p. 994. These requisites to suing out the scire facias have been more than complied with on the present occasion. The plaintiff first sued out a fi. fa. by which a part of the money was made, and a return of “ no effects” as to the balance. He then sued out a ca. sa. which was returned “ not found.”
But the main objection, on this part of the case, was that the ca. sa. was put into the hands of the sheriff of a county where the defendant did not reside. I do not think that this objection is of any avail. The suit was brought in Bitckingham, and there the bail became bound, and the judgment was rendered. In England,, the rule is that the ca. sa. against the principal should be sent to the county where the original action was laid; Tidd 994. and it must be so in Virginia. Originally, the ca. sa. could not be directed to the sheriff of any other county than that in which the jurisdiction over the cause attached. A statute became necessary to authorize the issuing of such process to another county. Accordingly, by the act of October 1748 it *377 was enacted, that if the defendant against whom a judgment had been obtained, removed himself and his effects, or resided out of the limits of the jurisdiction of the court where the judgment was rendered, the clerk might, on application of the plaintiff issue any writ of fi. fa. or ca. sa. and direct the same to the sheriff of any county where the defendant or debtor or his goods should be found. 5 Hen. stat. at large p. 536. This statute is still in force, and. at the late revisal was extended to executions on judgments obtained in any court of record, instead of being confined to judgments in the county or other inferiour courts. 1 Rev. Code, p. 529. But although these statutes give the right to the plaintiff to send his execution to another county, they do not impose it on him as a duty to do so. He may still issue it to the county where the judgment was rendered. Nor does there seem to be any other statute which requires more of him, in order to fix the bail. The statute 1 Rev. Code, ch. 70. § 18. p. 280. referred, to by Mr. Taylor, requiring the sheriff to go to the house or place of abode of a defendant, against whom he has a writ, before he shall return it “ not found,” obviously applies only to original and mesne process, and not to executions.
The next and most important question is, whether the surrender of the principal by the bail was in good time. This depends on the statutes at that time in force. The statute 1 Rev. Code, ch. 128. § 54. p. 502. declares, that “ every special bail may surrender the principal before the court where the suit hath been or shall be depending, at any time either before or after judgment shall be given; provided, that such surrender be made before the appearance day of the first scire facias against the bail returned executed, or of the second returned nihil or the bail may surrender the principal to the sheriff &c. In this case, the scire facias was executed on Saturday the 3d of January; it was re *378 turnable on Monday the 5th; and on that day the bail surrendered their principal. Was this surrender made before the appearance day of the scire facias ? This question renders it necessary that we should decide what was the appearance day of that writ.
It was said by judge Green in Kyles v. Ford, that “the laws in force before the statute of 1819, 1 Rev. Code, ch. 128. took effect, prescribed that the appearance day should, in all cases, be the day after the court to which the process was returnable, and that was also the rule day.” I find by reference to the revisal of 1792, ch. 66. § 20. 25. 35. that writs and other process were returnable to the next court for the district; that the appearance day was the first day after the end of the court, on which day rules were to be held; and that similar provisions were made as to the county courts, by ch. 67. § 9. 19. 28. Judge Green proceeded to say, that “ the statute of 1819 does 'not in terms appoint any appearance day; but it may be inferred from various provisions of the statute, and indeed results from the terms of the writ, in the absence of any express provision on the subject, that the appearance day is the return day of the writ, if according to law an appearance can then be entered; or if not, then the first day thereafter on which an appearance can be entered. Thus, when the writ is returnable to the rules, the return day is the appearance day, as an appearance can be then entered at the rules. If the writ be returnable to the first day of the court, and the same day be the rule day, it is also the appearance day, since an appearance may then be entered at the rules. But if it be not also rule day, then the next rule day succeeding is the appearance day; for that is the earliest day at which an appearance can be entered, and a rule given or received by the defendant.” In these propositions I entirely concur. But it has been urged by the appellants’ counsel, that as, by the statute, the clerk *379 may continue the rules for six days, he is bound lo do so, and that the sixth day should be in all cases held to be an appearance day. 1 cannot think that the sixth day is the appearance day. The statute says, that the plaintiff shall file his declaration on the rule day at which the writ shall be returned executed, or the defendant having entered his appearance may give a rule for the plaintiff to declare, on pain of his being nonsuited; and that, when the plaintiff hath filed his declaration, he may give a rule to plead with the clerk. 1 Rev. Code, ch. 128. § 69. 72. 73. These provisions shew, that the sixth day cannot be regarded as an appearance day. If on the first rule day the plaintiff files his declaration, the clerk is bound to receive it, a.nd bound to enter the conditional order, if the defendant does not appear, or to give the rule to plead, if the defendant does appear. On the other hand, if the plaintiff fails, but the defendant appears on the first rule day, the clerk is bound to enter his appearance on that day, and to receive his rule that the plaintiff declare. These are cases in which the clerk cannot do otherwise than consider the first rule day as the appearance day. He cannot make the sixth, or any other day, the appearance day against the legal rights of the parties. I think, then, we ought to adhere to the opinion expressed by judge Green, that “ when the writ is returnable to the rules, the return day is the appearance day, as an appearance may then be entered at rules.”
In this case, Monday the 5th January was the return day of the scire facias; it was returned on that day, having been executed previously; that was the rule day, and the appearance day. As the bail did not surrender their principal before that day, they are not entitled to an exoneretur. It is not our province to consider whether or not this is a hard law on the bail. The legislature changed the law in this respect within two months after this transaction occurred; but it does not apply to former cases.
*380 I think the judgment of the circuit court must be affirmed.
Carr and Cabell, J. concurred.